MEMORANDUM **
Piero A. Bugoni, a former detainee at the Madison Street Jail, appeals pro se from the district court’s judgment dismissing some of his claims, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and granting summary judgment on the remaining claims in his 42 U.S.C. § 1983 action alleging violations of his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the exhaustion determination, Wyatt v. Ter-hune, 315 F.3d 1108, 1117 (9th Cir.2003), and the grant of summary judgment, Fontana v. Haskin, 262 F.3d 871, 876 (9th Cir.2001). We affirm in part, vacate in part, and remand.
The district court properly determined that Bugoni failed to exhaust administrative remedies with respect to his claims against defendant Alcala, and with respect to his claim that defendant Martinez used excessive force after Bugoni refused to get on an elevator. See Woodford v. Ngo, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that “proper exhaustion” requires adherence to administrative procedural rules). Further, Bugoni failed to show he was prevented from exhausting.
The district court properly granted summary judgment on Bugoni’s claims that defendant Martinez used excessive force while removing Bugoni from his cell and while trying to seat Bugoni in the day room. Bugoni’s conclusory allegations were insufficient to overcome evidence that the force applied was objectively reasonable given Bugoni’s refusal to follow orders. See Lolli v. County of Orange 2003) (holding that for a pretrial detainee’s excessive force claims, the question is whether the defendant’s actions are “objectively reasonable” in light of the facts and circumstances, without regard to underlying intent or motivation).
The district court did not abuse its discretion in failing to enter default judgment. See Pau v. Yosemite Park, 928 F.2d 880, 886 (9th Cir.1991) (reviewing for abuse of discretion and characterizing the entry of default judgment as an “extreme sanction”).
*663 The district court did not abuse its discretion in denying Bugoni’s motion for a continuance because he did not show either that he had diligently pursued previous discovery opportunities or that the continuance was needed to oppose summary judgment. See Qualls by & Through Qualls v. Blue Cross, 22 F.3d 839, 844 (9th Cir.1994) (finding abuse of discretion only where the movant diligently pursued previous discovery opportunities and showed how allowing additional discovery could have precluded summary judgment).
The district court did not abuse its discretion in denying Bugoni’s reconsideration motion because the motion merely repeated meritless arguments and sought to present evidence that was not likely to change the outcome of the case. See Fed. R.Civ.P. 60(b); Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir.2003).
We are not persuaded by Bugoni’s remaining contentions challenging the district court’s ruling on the excessive force claims.
However, the district court erred in granting summary judgment on Bugoni’s claim concerning the Nutriloaf program. The Fourteenth Amendment’s Due Process Clause prohibits a jail from “punishing” a pretrial detainee. Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Bugoni was placed on the Nutriloaf program five times of increasing duration. Although defendants asserted that Bugoni was placed on the program to reduce his access to instruments that could be used as weapons, defendants failed to show how his conduct required placement on the program for the particular1, increasing lengths of time on all five occasions. Moreover, Bugoni’s sworn affidavit asserted that regular meals could be served without utensils that could harm jail officials. Thus, a triable issue remains concerning whether Bugoni’s placement on the Nutriloaf diet, for up to 60 consecutive days, so exceeded the defendants’ stated purpose of promoting staff and personnel safety as to render the program punitive, in violation of the Fourteenth Amendment. See id. at 538, 99 S.Ct. 1861(“Absent a showing of an expressed intent to punish on the part of detention facility officials, th[e] determination [whether a restriction is imposed for the purpose of punishment] generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].”) (internal quotation marks omitted, some alterations in original).
We remand for further proceedings on the Nutriloaf claim consistent with this disposition, including, if necessary, a trial on the merits. On remand, the district court should determine in the first instance whether Bugoni’s request for in-junctive relief concerning the Nutriloaf program is moot.
In light of this disposition appellees’ motion to compel is denied as moot.
The parties shall bear their own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.